UNITED STATES OF AMERICA
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA CHACON, et al, : | |
| : | |
| Plaintiffs : | |
| v. : | CIVIL NO. 3:10cv1692 (JBA) |
| : | |
| EAST HAVEN POLICE DEPARTMENT, et al, : | |
| : | |
| Defendants : | |
| : | July 29, 2011 |
| : | |

MOTION BY UNITED STATES OF AMERICA FOR A
TEMPORARY STAY OF DISCOVERY

The United States respectfully submits this motion and incorporated memorandum in support of a temporary stay of discovery in the above-captioned civil case. On July 21, 2011, the Plaintiffs similarly moved to stay these proceedings for a period of six months. At the outset of this litigation, on January 19, 2011, the Defendants also moved for a stay until the criminal investigation is completed. For apparent strategic reasons, the Defendants now oppose the stay on the grounds that it will cause undue delay in the resolution of the case. In light of the shifting positions of the parties combined with ongoing developments in the criminal investigation, the Government now joins in the Plaintiffs' motion for a six-month stay as we do not believe the limited stay we originally requested will be sufficient to protect the integrity of the criminal investigation.

On July 27, 2011, during oral argument on the Plaintiffs' motion, the Government set forth its argument for a stay, but having not previously filed a written motion for this stay, the Government now submits this brief memorandum.

1. <u>Motion for Stay</u>

It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery in a parallel civil proceeding that involves common questions of law and fact. *See SEC v. Chestman*, 861 F. 2d 49, 50 (2d Cir. 1988). As the Second Circuit noted in *Chestman*, "[the government ha[s] a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *See Chestman*, 861 F. 2d at 50. Further, a stay of discovery is clearly appropriate "where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution which parallels the subject matter of the civil action." *SEC v. Downe*, 1993 WL 22126, at * 12 (S.D.N.Y. January 26, 1993).

As a result, courts have granted stays of discovery to protect the integrity of pending criminal investigations, even when no charges have yet been filed. At the request of the United States Attorney and over the objection of certain defendants, the Court in *Downe* stayed civil discovery in order to avoid harm to the investigation from liberal discovery in the civil case because one defendant was cooperating in the grand jury investigation. *Id*. Similarly, in *Board of Governors of the Federal Reserve System v. Pharaon*, 140 F.R.D. 634, 641 (S.D.N.Y. 1991), after reviewing information disclosed by the District Attorney *in camera*, the Court granted the request for a stay of witness depositions, over defendant's objection that the stay would cause undue delay, in order "to preserve the secrecy of the Grand Jury proceedings and ensure that relevant evidence is not disclosed prematurely."

In the instant case, the Government joins the Plaintiffs in seeking a stay of limited duration in order that the Grand Jury may fully and fairly complete its investigation free from

additional concerns of witness intimidation and retaliation.  This request is predicated on concerns regarding premature disclosure of evidence during lengthy depositions, including revelation of the identity of witnesses relevant to the criminal investigation as well as the nature of those witnesses' testimony.  The potential prejudice to the criminal investigation is not merely hypothetical, but rather a significant risk as evidenced by the incidents of intimidation and retaliation of current witnesses as set forth in Exhibit A, the *ex parte* submission previously provided to the Court *in camera.*

In determining whether a stay is appropriate, courts balance competing factors including the extent issues in the two proceedings overlap, the status of the criminal investigation, the interests and burdens to the parties as well as to persons who are not parties to the litigation, judicial resources, and the public interest.  *Parker v. Dawson*, 2007 WL 2462677, *3  (E.D.N.Y, August 27, 2007); *Banks v. Yokemick*, 144 F.Supp. 2d 272, 275 (S.D.N.Y. 2001).  As the Defendants themselves argued when they initially moved for a stay, on January 19, 2011, "[a]n analysis of these factors clearly demonstrates that th[e] civil action should be stayed pending resolution of the criminal investigation." *Defendants' Motion To Stay* at p.4.

Having now withdrawn their initial objection to the Government's prior request for a limited stay, the sole factor that the Defendants now claim supports their objection to a six-month stay is undue delay.  The Government's proposed stay, like that of the Plaintiffs, is limited to six months because we anticipate that by that time the criminal investigation will be sufficiently advanced to be able to overcome concerns of witness intimidation. The Court's analysis thus boils down to a balancing of, on the one hand, the  Government's and the public's right to a full and fair investigation against the Defendants' purported right to a discovery

process free of what they claim is undue delay.  In light of all the circumstances presented here and the reality that civil litigation often moves at a slow pace, Defendants' objections to a six month delay are far outweighed by the clear need to protect the integrity of the ongoing criminal investigation.          2.          Ex Parte Submission

During oral argument, counsel for the Defendants raised objections to the fact the Government had submitted Exhibit A, documents relating to the ongoing criminal investigation, *ex parte* and under seal for the Court's *in camera* review.  Contrary to these protestations, courts regularly have approved the use of *in camera* submissions by the Government in discovery situations where an ongoing interest in grand jury secrecy is at stake. *See United States v. Madori*, 49 F.3d 159, 171 (2d Cir. 2005).   It is therefore entirely proper for the Court to review the Government's submission *in camera* as it contains information related to an active grand jury investigation.

It is well settled that the proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings. As recognized by the Supreme Court, several distinct interests are served by this secrecy:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S.221, 219 (1979).  As the Court is well

aware, concerns about intimidation and retaliation of witnesses and victims in this criminal investigation, as documented in the Government's *in camera* submission, is at the heart of the Government's argument for a stay. Thus, the particularized showing here plainly demonstrates one of the prime reasons grand jury proceedings are conducted *ex parte* – to avoid possible intimidation and retaliation against witnesses should the investigation become public. *In re Grand Jury Subpoena*, 72 F.3d 271, 274 (2d. Cir. 1995).

Were these instances of intimidation or retaliation to become part of future criminal charges, defendants in those criminal cases will be entitled to full discovery of these facts and all relevant evidence as required by the Federal Rules of Criminal Procedure. In the context of this civil litigation, however, it would be both premature and inappropriate for evidence developed in a criminal investigation to be disclosed to the Defendants in this civil proceeding.

Conclusion

In conclusion, the Government respectfully submits that the requested six-month stay is an appropriate and reasonable mechanism to guard against the dangers articulated in the Government's memoranda and *ex parte* submission. Moreover, the equities in this case militate in favor of staying civil discovery so that the criminal investigation may continue free of the risk of further intimidation. Accordingly, for all of the reasons set forth herein, the Government respectfully requests that the Court grant the request for the stay.

Respectfully submitted,


DAVID B. FEIN
UNITED STATES ATTORNEY



/S/
DEIRDRE M. DALY
DEPUTY UNITED STATES ATTORNEY
Fed. Bar No. CT 419084
157 Church Street
New Haven, CT 06510

/S/
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. CT24433
1000 LaFayette Boulevard, 19th Floor
Bridgeport, CT 06604

CERTIFICATION

I hereby certify that on July 29, 2011, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the courts's CM/ECF system.

/S/_____
DEIRDRE M. DALY
DEPUTY UNITED STATES ATTORNEY