UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Marcia Chacon, *et al.*, <br>       *Plaintiffs*, <br><br>       *v.* <br><br> East Haven Police Department, *et al.*, <br>       *Defendants*. | Civil No. 3:10cv1692 (JBA) <br><br><br><br> September 2, 2011 |

RULING ON MOTIONS [Doc. ## 58, 65, 67] AND ORDER OF TEMPORARY STAY
OF DEPOSITION DISCOVERY

Plaintiffs, joined by the Government, move for an order to temporarily stay discovery proceedings in this case for six months, because (1) Defendants, as potential targets in an ongoing federal criminal investigation have and will assert their Fifth Amendment privilege and refuse to be deposed in this action, unfairly resulting in one-sided discovery; (2) discovery in this action will disclose the identities of witnesses who may then be subject to intimidation or retaliation; and (3) a six-month stay is needed to protect the integrity of the on-going criminal investigation, and to prevent liberal civil discovery from circumventing limited criminal case discovery.[1]

---

[1] Although Defendants oppose Plaintiffs' and the Government's motions to stay the proceedings entirely for six months, they no longer oppose the Government's motion to permissively intervene and for a partial stay, which was under reconsideration on Defendant's request. (*See* Ord. [Doc. # 47].) Thus, the Government's Motion to Intervene and for Partial Stay remains GRANTED, as set forth in the [Doc. # 43] Endorsement Order dated March 24, 2011.

Plaintiffs argue that Defendants' assertions of their Fifth Amendment rights during depositions will be unfairly prejudicial because Defendants continue to seek to take Plaintiffs' depositions but the only two Defendants who have been subject to depositions thus far stopped answering questions after six and 18 minutes respectively, claiming that they could not answer questions because of the pending criminal investigation. The merit in Plaintiffs' claim of unfairness of one–sided discovery, however, is better viewed in light of the Government's concerns of risk to the integrity of its criminal investigation and the Grand Jury proceedings. Defendants' stated hardship is that "[a] full stay of proceedings would stop this case in its tracks and prevent the defendants from clearing their names in a timely manner." (Mem. Opp'n [Doc. # 63] at 8.)[2] The Defendants' claim of delay hardship is mitigated by the short stay duration requested, i.e., six months.

At the hearing held on July 27, 2011, the Government represented that although no criminal charges have been filed, that there will be some resolution of the Grand Jury Proceedings in six months. Thus, by February 2012 it is expected that the Court will likely have a clearer view of the parties' actual competing interests in order to properly balance all

---

[2] The Court notes that both Plaintiffs' and Defendants' positions are somewhat undermined by their prior contrary positions on a discovery stay sought by Defendants earlier this year (*see* Doc. ## 26, 27, 32.) Defendants earlier moved [Doc. # 26] for a stay of proceedings, which Plaintiffs opposed, "until the Department of Justice's criminal investigation is complete or the criminal proceedings stemming from said investigation, if any, are concluded, whichever is later." Defendants argued that any "[p]otential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act," quoting The Honorable Milton Pollak, Parallel Civil and Criminal Proceedings, at the Transferee Judges' Conference (Oct. 17–19, 1989), 129 F.R.D. 201, 203, and they further maintained that "[e]qually important, granting a stay now may streamline later civil discovery because the issues in the civil and criminal proceedings overlap extensively." (Defs.' Mem. Supp. [Doc. # 27] at 6–7.)

relevant discovery interests going forward. *See Bridgeport Harbor Place, LLC v. Ganim*, 269 F.Supp. 2d 6 (D. Conn. 2002).

In the meanwhile, it is evident that if deposition discovery is not briefly stayed, the parties and the Court will likely become embroiled in discovery disputes about scope and availability of asserted privileges, and length and nature of deposition interrogations, which will be more focused once the Grand Jury results are known. However, because written discovery is a more limited, controlled form of discovery and not subject to the same concerns as individual oral depositions, there appears to be no need to stay that aspect of discovery, and permitting written discovery to go forward will partially meet defendants' argument that this case not be stopped "in its tracks."

Having balanced the interests and burdens of expeditious case resolution, judicial efficiency, and the public interest in both the pending civil case and criminal investigation, the Court concludes that imposition of a six–month stay on deposition discovery, without stay on written discovery, best serves all interests.

Accordingly, Plaintiffs' [Doc. # 58] Motion for Temporary Stay of Proceedings and the Government's [Doc. # 67] Motion to Stay Discovery are GRANTED with modification, and no depositions may be taken by any party prior to February 3, 2012 absent further order of the Court. Because the Court does not address the Government's *ex parte* submission of evidence of purported retaliation and intimidation, Defendants' [Doc. # 65] Motion to Receive a Copy of Government's Exhibit A is DENIED as moot.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of September, 2011.