# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCIA CHACÓN, ET AL., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 3:10-cv-1692-JBA |
| v. | : | |
| | : | |
| EAST HAVEN POLICE DEPARTMENT, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | January 30, 2011 |

## PLAINTIFFS' STATUS REPORT

## INTRODUCTION

On October 26, 2010, Plaintiff residents of Connecticut brought this lawsuit against the Town of East Haven, the East Haven Police Department ("the Department"), and individual officers in the Department (the "Defendants"), alleging that the Defendants have engaged in a campaign of ethnic profiling and police abuse that targets Latinos and those who support or defend the rights of the Latino community. (Compl., ECF No. 1, at ¶ 1). Plaintiffs allege violations of their rights under the First, Fourth, and Fourteenth Amendment to the U.S. Constitution and under Connecticut law. They have also made claims for supervisory liability and municipal liability under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978), and conspiracy. (Compl. at ¶ 100-140).

Defendants' conduct separately triggered a criminal investigation by federal authorities. On March 23, 2010, the United States Attorney's Office for the District of Connecticut intervened in this case to "protect the integrity of the ongoing federal criminal investigation and the confidentiality of the grand jury proceeding . . . ." (ECF No. 42 at 3). This Court subsequently ordered all parties not to make "an(y) inquiry relating to the Government's investigation into possible criminal violations of civil rights laws and other criminal conduct in the East Haven Police Department." (ECF No.43; *see also* ECF No.77, September 2, 2011, at 1 n. 1 (Court's entry of "Partial Stay remains GRANTED, as set forth in the Endorsement Order dated March 24, 2011 (ECF No. 43)")).The parties were further prohibited from taking depositions until February 2, 2012.(*Id.*). However, the parties were permitted to proceed with written discovery. (*Id.*).

On January 24, 2012, Defendants Spaulding, Cari, and Zullo and another member of the Department, Sergeant John Miller, who is not at this time a Defendant in this case, were indicted on charges of deprivation of civil rights, conspiracy to deprive civil rights, and obstruction of justice. The United States Attorney's Office has indicated that the grand jury investigation is ongoing, leaving open the possibility that other officers—and potentially other Defendants—will be indicted.

## ITEMS FOR STATUS CONFERENCE

Notice required by Conn. Gen. Stat. 7-465

The complaint invokes Conn. Gen. Stats. Section 7-465, the municipal indemnification statute.(Compl. at ¶139). Counsel for defendants Spaulding, Cari, and Zullo have now also filed

appearances on behalf of the Town but have not yet filed the indemnification notice required by that statute despite requests from plaintiffs' counsel.  The notices should be filed.

Status of stay

Now that the grand jury has acted, it is appropriate to revisit the question of whether a stay should continue and, if so, in what form.

Discovery

1.  Defendants' discovery responses.

    a)  Mandatory initial disclosures were due on March 31, 2011 (ECF No. 25) but despite requests from plaintiffs' counsel, only defendants Spaulding, Cari, Zullo, Conyers, and Ferrara have filed the required disclosures. Nor have Defendants moved for extensions of time.

    b)  Defendants have yet to identify the Doe Defendants. Plaintiffs served an Interrogatory on the Doe Defendants seeking their identities on May 20, 2011. Plaintiffs served the same Interrogatory on all Defendants on August 4, 2011. Although Defendants have provided a list of names, they have not indicated which name corresponds to which Doe Defendant.

    c)  Plaintiffs' first set of RFPs, were served on the Town nine months ago, on April 21, 2011. The Town responded with objections on May 20, 2011 and stated that it would provide certain responsive documents, but more than eight months later, Plaintiffs have yet to receive any responsive records from Defendant Town.

d)  Plaintiffs served their Second Set of RFPs on the Town on June 16, 2011. That set
contained only a single RFP seeking case or incident reports for Defendant Officer
Spaulding from April 6, 2011 onwards. The Town acknowledged receipt during a
telephone conferral on July 8, 2011, but has yet to correct deficiencies in its response
to this RFP or provide any indication that additional documents are forthcoming.

Defendants have taken no steps to confer, notwithstanding invitations from the Plaintiffs
to do so. After several efforts to secure compliance, (ECF No. 96-1), Plaintiffs on January 11,
2012 moved to compel. (ECF No. 96). Without indicating that it would voluntarily comply, the
Town has moved for an extension until March 12 to respond to the motion.

Dismissal of Plaintiff Yadanny Garcia's Claims

On December 12, 2011, Plaintiff Yadanny Garcia filed a motion to dismiss his claims
with prejudice against Defendants Michael Sorbo and Edward Lennon (ECF No. 84). Defendants
Montagna, Sorbo, and Lennon filed an objection to the motion on December 16, 2011 (ECF No.
84), and plaintiffs have addressed the objection by agreeing that all claims by any plaintiff
against all three of these defendants could be dismissed. Plaintiffs' Reply (ECF No.
92).Defendants Spaulding, Cari, Zullo, the Town of East Haven, and East Haven Police
Department also objected to Plaintiff's motion on December 23, 2011 (ECF No. No.
90).Plaintiffs' motion is ready to be ruled on by the Court.

Motion for Leave to Amend the Complaint

Under the parties' case management plan, the Plaintiffs were permitted until January 5,
2012 to file motions to join additional parties and to amend the pleadings. (ECF No. 25). Given

4

developments in the course of discovery and the Defendants' continued delay in satisfactorily identifying the Doe Defendants, Plaintiffs intend to move for leave to amend their Complaint after this date but before the February 6, 2011 status conference. Plaintiffs anticipate including new but related claims against the Defendants and the naming of additional Defendants.

Request for Referral for Settlement Purposes

Plaintiffs do not request a referral for settlement purposes at this time.

Dated: January 30, 2012                    Respectfully submitted,


_____/s/ _____
David N. Rosen (ct00196)
David Rosen & Associates, P.C.
400 Orange Street
New Haven, Connecticut 06511
(203)787-3513
(203) 789-1605 fax
Email: drosen@davidrosenlaw.com

Michael J. Wishnie (ct27221)
Anne Lai (ct28707)
Katherine Chamblee, Law Student Intern
Christopher Lapinig, Law Student Intern
Dermot Lynch, Law Student Intern
Kristin Macleod-Ball, Law Student Intern
Joshua Rosenthal, Law Student Intern
Yaman Salahi, Law Student Intern

The Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090
Phone: (203) 432-4800
Fax: (203) 432-1426

James Bhandary-Alexander (ct28135)
New Haven Legal Assistance
426 State Street
New Haven, CT 06510
Phone: (203)946-4811

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2012, a copy of the foregoing Plaintiffs' Status Report was filed electronically and served by mail on anyone unable to accept electronic filing.Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.Parties may access this filing through the Court's CM/ECF System.

                                                             ____/s/ David N. Rosen_____
                                                             David N. Rosen